UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jane Doe; K.R., by his next friends and parents, Rebecca Rooker and Jim Rooker; D.F., by his next friends and parents, Burnetta Frei and Jeffrey Frei; B.G., by her next friend and parent, Marty Geldert; and D.M.-B., by his next friends and parents, Michael McGee and Jason Backes,

      Plaintiffs,

and

United States of America,

      Plaintiff-Intervenor,

v.

Anoka-Hennepin School District No. 11; Anoka-Hennepin School Board; and Dennis Carlson, Michael Farley, Jerri McGonigal, and Tom Hagerty, in their official capacities,

      Defendants.

Civil No. 11-1999 (JNE/SER)
ORDER

      This case is before the Court on K.R.'s motion to file under seal his forthcoming Petition for Modification of the Order Approving Settlement of Claims. The motion is not opposed by any party. Nevertheless, on the current record, the Court denies K.R.'s motion to seal.

      The public has a common-law right, albeit not an absolute right, of access to judicial documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978); *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013); *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). A party—or parties—seeking to deprive the public of this right must persuade a court that sealing is necessary. K.R.'s unopposed motion provides some examples of information in the proposed filing that should remain private. For the most part, and perhaps completely, Rule 5.2 of the Federal Rules of Civil Procedure applies to this information. That rule, as well as this District's

Local Rules and Electronic Case Filing Procedures Guide—Civil Cases, provides straightforward guidance for complying with it.

The United States Court of Appeals for the Eighth Circuit has recently emphasized that the existence of some private information in a document does not justify sealing the entire document. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223-25 (8th Cir. 2013) (stating that "it is unclear to us why the court concluded that the *entire* document should remain under seal," and remanding for a determination of whether redaction was a viable alternative to sealing). The Court does not have the benefit of seeing the document that it is asked to seal. (The requirement to submit the subject document as part of a motion to seal appears in this District's Electronic Case Filing Procedures Guide—Criminal Cases, but, for no reason apparent to this Court, not in the Electronic Case Filing Procedures Guide—Civil Cases.) The limited information that has been submitted indicates that redaction could easily take the place of wholesale sealing.

K.R.'s motion to seal [Docket No. 93] is DENIED.

IT IS SO ORDERED.

Dated:  May 6, 2013

s/Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge